**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| **THADDEUS L. KABAT, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **1:08CV341** |
| | ) | |
| **BAYER CROPSCIENCE LP,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on the motion of Defendant Bayer CropScience LP ("Bayer") for summary judgment. (Docket No. 38.) Plaintiff has responded to this motion, and Defendant filed a Reply Brief. (Docket Nos. 40, 42.) For the reasons stated herein, this Court recommends that Defendant's motion be granted and that this action be dismissed.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff accepted an employment offer from Defendant Bayer on December 3, 2004 to be a district manager beginning on January 1, 2005. (Docket No. 38, Def.'s Mot. for Summ. J., Ex. C.) On or about August 7, 2005, Plaintiff was informed by his supervisor Brad May, along with Nate Jones from the human resources department of Defendant, that his position was being eliminated because Defendant was consolidating three sales districts

into two districts. (Docket No. 40, Pl.'s Mem. in Opp'n to Def.'s Mot. for Summ. J., Ex. 1, Declaration of Thaddeus L. Kabat, Jr., ¶ 8.)

On August 25, 2005, Plaintiff signed a severance agreement. (Docket No. 38, Ex. P.) That agreement sets Plaintiff's termination date as September 2, 2005. (*Id.*) In this agreement, Defendant agreed to pay Plaintiff $22,314 in severance benefits. (*Id.*) Plaintiff made certain representations in this agreement such as that "the payments and other benefits which [Defendant] has agreed to provide under the [severance pay plan] are payments and benefits to which [Plaintiff] would not be entitled were it not for this Agreement." (*Id.* ¶ 3(ii).) In exchange for the payments and benefits offered by Defendant, Plaintiff also in this agreement "waive[d] rights and /or claims under the Age Discrimination in Employment Act of 1967." (*Id.* ¶ 3(vii).) In addition, in paragraph 4 of the agreement, Plaintiff released and discharged Defendant "from all liability" including claims under "the Age Discrimination in Employment Act of 1967." (*Id.* ¶ 4.) Plaintiff further represented that the release "covers claims, known or unknown," which are based upon any act which occurred before the date that the agreement is signed. (*Id.*)

On September 10, 2007, Plaintiff filed his Complaint in this action in the Eastern District of Virginia. (Docket No. 1.) The case was later transferred to this district. (Docket No. 27.) Plaintiff's Complaint raises a single claim of violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.* (Docket No. 1.) Plaintiff alleges that

Defendant violated the ADEA by reinstating his former position less than 2 months after his termination and promoting John Carlson (under age 40) to that position. (*Id*. ¶¶ 14-15.) Plaintiff seeks damages as relief. (Docket No. 1.)

Defendant contends that Plaintiff's termination was influenced by factors such as his management style which caused key employees to consider resigning, the belief that Plaintiff had improperly shared a confidential customer list, and frustration with Plaintiff's performance during the months preceding his termination. (Docket No. 39, Def.'s Mem. of Law in Supp. of Mot. for Summ. J. at 7.) Defendant further contends that after its managers discussed the situation, they determined that eliminating Plaintiff's position would serve several purposes including terminating Plaintiff's employment relationship due to performance problems, allowing Defendant to evaluate other management structures, and allowing Plaintiff to collect severance benefits and a bonus. (*Id*.)

The first argument Defendant raises in its motion for summary judgment is that the waiver of ADEA claims signed by Plaintiff bars this action. (Docket No. 39 at 10-12.) Secondarily, Defendant argues that Plaintiff cannot establish his claim of discrimination. (*Id*. at 12-19.)

## DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate only when no genuine issue of material fact exists. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). A genuine issue of fact exists if the evidence presented could lead a reasonable fact-finder to return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A court considering a motion for summary judgment must view all facts and draw all reasonable inferences from the evidence before it in a light most favorable to the non-moving party. (*Id.* at 255.) The proponent of summary judgment "bears the initial burden of pointing to the absence of a genuine issue of material fact." *Temkin v. Frederick County Comm'rs,* 945 F.2d 716, 718 (4th Cir. 1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). If the movant carries this burden, then the burden "shifts to the non-moving party to come forward with facts sufficient to create a triable issue of fact." (*Id*. at 718-19 (citing *Anderson*, 477 U.S. at 247-48).) A mere scintilla of evidence supporting the non-moving party's case is insufficient to defeat a motion for summary judgment. *See, e.g., Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994); *see also Anderson*, 477 U.S. at 248 (non-moving party may not rest upon mere allegations or denials.)

Pursuant to 29 U.S.C. § 626(f)(3), "the party asserting the validity of a waiver shall have the burden of proving in a court of competent jurisdiction that a waiver was knowing and voluntary."

**B. Validity of Waiver**

Plaintiff attacks the validity of his waiver of ADEA claims on two fronts. First, he argues that the release was not "knowing and voluntary." (Docket No. 40 at 7-8.) Second, Plaintiff contends that there was insufficient consideration to support his waiver. (*Id*. at 8-10.)

**1. Knowing and Voluntary**

Subsection (f)(1) of 29 U.S.C. § 626 provides that a person may not waive an age discrimination claim "unless the waiver is knowing and voluntary." The subsection then sets out the minimum requirements for a knowing and voluntary waiver. Plaintiff argues that the "material facts supporting his age claim were not known to [Plaintiff] when he signed the Severance Agreement, [thus] that agreement did not satisfy the element of voluntariness under the OWBPA that 'the individual does not waive rights or claims that may arise after the date the waiver is executed.'" (Docket No. 40 at 8; 29 U.S.C. § 626(f)(1)(C).) Subsection (f)(1)(C) regarding not waiving claims that arise after the waiver is executed is one of the minimum requirements for the waiver to be knowing and voluntary. The unknown material facts, according to Plaintiff, were that Defendant's officials misrepresented to Plaintiff the

reason for his dismissal by informing him that his position was being eliminated. (Docket No. 40 at 8.) Plaintiff asserts that the real reason for his termination was his age. (*Id*. at 6.)

Plaintiff is therefore arguing that his age discrimination claim did not accrue until he learned of his replacement by someone substantially younger and that this occurred after he executed his waiver. (*See id*. at 8.) Plaintiff cites no case authority to support his argument. (*Id*.) Instead, courts have rejected such arguments. In *Wastak v. Lehigh Valley Health Network*, 342 F.3d 281 (3d Cir. 2003), the court rejected the plaintiff's argument that since he "had little reason to believe that he was the victim of age discrimination until he learned that he had been replaced by a younger employee," his ADEA claim had not yet accrued when he signed his release. *Id.* at 286-87. There is no "mistake of fact" because Plaintiff knew of his actual injury, *i.e.* his dismissal, at the time he signed the waiver. A claim accrues in a federal action when the person becomes aware of actual injury, not when the person realizes that this injury constitutes a legal wrong. *Id*. at 287 (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1386 (3d Cir. 1994).) *See Nat'l Adver. Co. v. City of Raleigh*, 947 F.2d 1158, 1162 (4th Cir. 1991) (accrual under federal law is when plaintiff knows or has reason to know of the injury which is the basis of the action); *Chapman v. Homco, Inc.*, 886 F.2d 756, 758 (5th Cir. 1989) (rejecting plaintiff's argument that his age discrimination claim was not time-barred because he was not aware that his termination was based on discriminatory factors until several weeks after his termination;

statute of limitation began running when he was notified of termination); *Duffy v. England*, 123 Fed. Appx. 15 (1st Cir. 2005) (citing cases (in ADEA action) for proposition that under federal law, claim of employment discrimination accrues when plaintiff knows or has reason to know of alleged discriminatory act, not when he first learns that the act was based on discriminatory motives).

Accordingly, for the purposes of determining the voluntariness of Plaintiff's waiver, the time when he became aware that a substantially younger individual may have been hired to fill his former position is irrelevant. Plaintiff admits that he was informed on or about August 7, 2005 that his position was being eliminated.[1] (Docket No. 40, Ex. 1 ¶ 8.) He signed his severance agreement containing the waiver on August 25, 2005. (Docket No. 38, Ex. P.) Therefore, by signing the waiver, Plaintiff did not waive a right or claim that arose after execution of the waiver, and his waiver is not unknowing or involuntary on that basis.

**2. Consideration**

Subsection (f)(1)(D) requires that the waiver of rights or claims be "only in exchange for consideration in addition to anything of value to which the individual already is entitled." Plaintiff argues that under Defendant's general severance plan, a terminated employee is paid

[1] Plaintiff does not contend that his injury occurred on September 2, 2005, the termination date reflected in his severance agreement. Because the Fourth Circuit and other courts focus on when the plaintiff knew or had reason to know of his injury to determine the time of accrual, and it is clear that Plaintiff knew or had reason to know of his injury on August 7, 2005, such an argument would not have merit.

the same whether he is over age 40 (and therefore may have an age discrimination claim), or under age 40 (and not be eligible for such a claim), and that this violates 29 U.S.C. § 626(f)(1)(D). (Docket No. 40 at 9.)

Plaintiff relies upon *Dibiase v. SmithKline Beecham Corp.*, 834 F. Supp. 143 (E.D. Pa. 1993), for his conclusion that because Defendant allegedly did not offer him consideration "in addition to that provided to employees who were not waiving claims under the ADEA, there is a failure of consideration that renders the Severance Agreement ineffective as a release" of his ADEA claim. (Docket No. 40 at 10.) The *Dibiase* court specifically found non-controlling a Third Circuit case because the court in that case considered whether a signed release could be enforced, as opposed to the situation in *Dibiase* where the plaintiff never signed a release. 834 F. Supp. at 146 n.4. This Court therefore does not find *Dibiase* persuasive in this action which involves a signed waiver.

Moreover, this Court need not determine in this matter whether, as a matter of law, section 626(f)(1)(D) requires extra or additional consideration, beyond the severance benefits which are available to many terminated employees if they sign a waiver, in order to properly waive ADEA claims. This is so because the undisputed record shows that Plaintiff received consideration in addition to the standard severance benefits available under the company severance plan, such as relocation benefits including cancellation of a contract on a house, movers, packers, assistance with purchasing a company vehicle, and continuation of his

business cell phone. (Docket No. 39 at 8; Docket No. 42 at 2-3; Docket No. 38, Ex. K at 62, Exs. Q, R, S.) Although Plaintiff generally states that Defendant did not offer him consideration in addition to that provided by employees who were not waiving claims under the ADEA, he does not specifically dispute that he received the above-mentioned benefits which were offered as exceptions to normal policy. (Docket No. 40 at 10.) Such additional consideration is sufficient to satisfy section 626(f)(1)(D). *See Thiessen v. Gen. Elec. Capital Corp.*, 232 F. Supp. 2d 1230, 1236 (D. Kan. 2002) (finding sufficient additional consideration when one employee allowed to keep workplace computer and another paid for vacation time accruing the following year).

Accordingly, the Court finds sufficient consideration for the waiver of Plaintiff's ADEA claim.

Because there is no material fact precluding summary judgment on the issue of Plaintiff having waived his ADEA claim, Defendant's motion should be granted. There is no need to address whether Plaintiff has established his claim of discrimination.

## <u>Conclusion</u>

For the foregoing reasons, **IT IS RECOMMENDED** that Defendant's Motion for Summary Judgment (Docket No. 38) be granted, and that this action be dismissed with prejudice.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: February 3, 2010